# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 15, 2014

## STATE OF TENNESSEE v. MALCOLM WAYNE BENNETT

**Appeal from the Circuit Court for Williamson County**
**No. ICR035487     Michael Binkley, Judge**

---

**No. M2013-01403-CCA-R3-CD - Filed May 5, 2014**

---

Defendant, Malcolm W. Bennett, was charged by indictment with Class C felony aggravated assault. In a negotiated plea agreement, he entered a "best interest" guilty plea to the amended charge of Class D felony reckless aggravated assault of the victim, a ten-year-old boy. The parties also agreed that Defendant would be sentenced as a Range II multiple offender, with the length and manner of service to be determined by the trial court. After the sentencing hearing, the trial court sentenced Defendant to serve eight years in the Department of Correction. In this appeal Defendant argues that his sentence is excessive. After a thorough review of the record and the briefs of the parties, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of the Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

William T. Mullican, Franklin, Tennessee, (on appeal); and Vanessa Pettigrew Bryan, District Public Defender; and Robert W. Jones, Assistant Public Defender, Franklin, Tennessee, (at trial), for the appellant, Malcolm Wayne Bennett.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Bradshaw, Assistant Attorney General; Kim R. Helper, District Attorney General; and Terry Wood, Assistant District Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

At the guilty plea submission hearing the State provided the following facts to support the best interest guilty plea. On January 11, 2011, Officer Teeples of the Franklin Police Department went to a residence in Franklin in response to a disturbance call. She found the

intoxicated Defendant standing outside the residence. A black-handled knife was recovered from his pocket. An adult female at the residence had told Defendant to leave the premises. Defendant "displayed" the knife to her. In addition, the juvenile victim was also present, and saw Defendant wielding the knife. Defendant told the child that if he (the victim) called police, Defendant would hurt the victim. The victim was "in fear."

At the sentencing hearing, it was established that Defendant's prior criminal record included, but is not limited to, the following convictions: in Tennessee, felony convictions of two vehicular assault convictions, two reckless endangerment involving a deadly weapon convictions, and one aggravated assault conviction; in Georgia, felony convictions for aggravated assault and for making terrorist threats; and at least eleven misdemeanor convictions in Tennessee for offenses such as assault, DUI, driving on a revoked license, evading arrest, leaving the scene of a motor vehicle accident, and criminal impersonation. In at least four separate cases on four different occasions, Defendant's probation was revoked for failing to follow various conditions of probation. At the time of the offense in this case Defendant was forty-eight years old. The prior criminal record discussed herein was accumulated between the times that Defendant was thirty years old and forty-five years old. For a Class D felony sentenced within Range II, Defendant was subject to a determinate sentence of not less than four years and not more than eight years. In imposing the maximum sentence of incarceration for eight years, the trial court found several advisory statutory enhancement factors to be applicable, and also found that Defendant was unsuitable for probation because of his multiple prior failures to abide by the rules of probation, specifically by failing to report and by committing new offenses.

Both the length and the manner of service of a sentence set by the trial court are reviewed by this court under an abuse of discretion standard, accompanied by a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). So long as there are "reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). Tennessee Code Annotated section 40-35-102(3)(B) (part of the "purpose" of Title 40, chapter 35) provides,

> (3) Punishment shall be imposed to prevent crime and promote respect for the law by:
> * * *
> (B) Restraining defendants with a lengthy history of criminal conduct.

Principles of sentencing are included in Tennessee Code Annotated section 40-35-103. That statute provides in part that,

(1)     Sentencing involving confinement should be based on the following considerations:

    (A)     Confinement is necessary to protect society by restraining a Defendant who has a long history of criminal conduct;

* * *

    (C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

Tenn. Code Ann. § 40-35-103(1)(A) and (C)

Pursuant to Tennessee Code Annotated section 40-35-114, the trial court may enhance a Defendant's sentence after considering certain statutory enhancement factors set forth in that statute. The trial court correctly found at least two advisory statutory enhancement factors were applicable. These were that defendant has a record of criminal convictions or criminal behavior in addition to those necessary to establish punishment within Range II, and the defendant had failed to comply with conditions of prior sentences involving release into the community. We need not determine whether the other enhancement factors were properly found by the trial court in order to affirm the sentence, as our review of the record clearly shows that the sentence is consistent with the purposes and principles of sentencing. *See Bise*, 380 S.W.3d at 706. Two witnesses testified on behalf of Defendant, primarily about Defendant's good character, even though he had a problem with his consumption of alcohol. The trial court was entitled to give little, if any, weight to this testimony.

Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee provides that if judgment is rendered by the trial court without a jury, the judgment is not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record, the judgment of the trial court may be affirmed by memorandum opinion. This case meets the criteria of Rule 20.

Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

                        _____

                        THOMAS T. WOODALL, JUDGE